Lawrence Spasojevich (LS 1029)
Imran Ansari (IA 1978)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SYDNEY BRIDGES,

                              CASE NO.

            Plaintiff,      **COMPLAINT**

-against-

ACRI CAFE INC, JALEENE WILLIAMS,
and JAMES RODRIGUEZ

                              ECF Case,

           Defendant(s).

---

Plaintiff, SYDNEY BRIDGES, by and through her undersigned attorneys, Lawrence Spasojevich, Esq. and Imran Ansari, Esq. of Aidala, Bertuna & Kamins, P.C., hereby files this Complaint against Defendant(s), ACRI CAFE INC, JALEENA WILLIAMS, AND JAMES RODRIGUEZ and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges that, under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendant(s): (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime rate for all hours worked over (40) in a workweek; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, under the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendant(s): (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime rate; (3) unpaid hour of minimum wage for every shift lasting over ten (10) hours (hereinafter "spread of hour pay"); (4) statutory penalties; (5) liquidated damages; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, SYDNEY BRIDGES, is an adult resident of New York County, New York.

6. Upon information and belief, Defendant, ACRI CAFE INC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 1315 Commerce Avenue, Bronx, New York 10461.

7. At all relevant times, Defendant, ACRI CAFE INC, was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

8. Upon information and belief, Defendant, JALEENE WILLIAMS, is an owner, officer, director and/or managing agent of Defendant, ACRI CAFE INC , who participated in the day-to-day operations of Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2 and the Regulations thereunder, and is jointly and severally liable with Defendant(s).

9. Upon information and belief, Defendant, JAMES RODRIGUEZ, is an owner, officer, director and/or managing agent of Defendant, ACRI CAFE INC , who participated in the day-to-day operations of Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2 and the Regulations thereunder, and is jointly and severally liable with Defendant(s).

10. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant(s).

11. At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff the minimum wage rate for all hours worked in a week and the overtime rate for all hours worked over forty (40) in a week in contravention of the FLSA and NYLL.

12. At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff "spread of hours" pay in contravention of the NYLL.

## STATEMENT OF FACTS

13. Plaintiff was employed by Defendants as a server from in or around October 2019 through on or about February 29, 2020.

14. During her employment from October 2019 through November 2019, Plaintiff worked approximately five (5) days a week, Monday through Friday, 4:00 p.m. to 4:00 a.m., each shift lasting over ten (12) hours, totaling sixty (60) hours a week.

15. Thereafter, from December 2019 through February 29, 2020, Plaintiff worked approximately three (3) days a week, Monday, Tuesday, and Wednesday, 4:00 p.m. to 4:00 a.m., each shift lasting over ten (12) hours, totaling thirty (30) hours a week.

16. Plaintiff was not compensated an hourly minimum wage or the overtime rate for all hours worked over forty (40) hours.

17. Plaintiff was not provided notice in writing of a tip credit.

18. Defendant, JALEENE WILLIAMS, exercised control over the terms and conditions of Plaintiff's employment, in that JALEENE WILLIAMS has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

19. Defendant, JAMES RODRIGUEZ, exercised control over the terms and conditions of Plaintiff's employment, in that JAMES RODRIGUEZ has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

20. Defendant(s) did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

21. Plaintiff was not properly compensated wages at the minimum wage rate for all hours worked in a workweek.

22. Plaintiff was not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

23. Plaintiff was not properly compensated a spread of hour wage for reach shift lasting over ten (10) hours.

24. Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff' wages for hours worked at the minimum wage rate; wages worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

25. Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff' the spread of hour wage in violation of the NYLL and the supporting New York State Department of Labor Regulations.

26. At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendant(s) failed to maintain accurate and sufficient time records.

27. Defendant(s) did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for her actual hours worked, and setting forth her hourly rate of pay and overtime wages.

28. Upon information and belief, this was done to disguise the actual number of hours she worked and to avoid paying her a minimum wage, overtime wage for all hours worked over forty (40) hours in a week, and spread of hour wage.

29. Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

30. Plaintiff has been substantially damaged by the Defendant(s)' wrongful conduct.

## STATEMENT OF CLAIM
### COUNT 1
### [Violation of the Fair Labor Standards Act]

31. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "30" of this Complaint as if fully set forth herein.

32. At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, Defendant(s) employed Plaintiff within the meaning of the FLSA.

34. Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

35. Plaintiff is entitled to be paid for all hours worked at the minimum wage rate as provided for in the FLSA.

36. Plaintiff is entitled to be paid for all hours worked over forty (40) hours in a week at the overtime wage rate as provided for in the FLSA.

37. Defendant(s) failed to pay Plaintiff's compensation in the lawful amount for all hours worked as provided for in the FLSA.

38. At all relevant times, each of the Defendant(s) had, and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked and all hours worked over forty (40) hours in week in a workweek at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

39. Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff a minimum wage for all hours worked and all hours over forty (40) hours in week at the overtime wage rate when it knew or should have known

such was due and that non-payment of a minimum wage and overtime rate would financially injure Plaintiff.

40. Defendant(s) knowingly and willfully disregarded the provisions of the NYLL, as evidenced by its failure to compensate Plaintiff a spread of hour pay when it knew or should have known such was due and that non-payment of the spread of hour would financially injure Plaintiff.

41. Defendant(s) failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

42. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant(s). Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendant(s) failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

44. As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

45. Due to the intentional, willful, and unlawful acts of the Defendant(s), Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages at the minimum wage rate, overtime wage rate, and an equal amount as liquidated damages, and prejudgment interest thereon.

46. Plaintiff is entitled to an award of her reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

47. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48. The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiff.

49. Defendant(s), pursuant to its policies and practices, refused and failed to pay the earned wage to Plaintiff for all hours worked.

50. By failing to compensate Plaintiff a wage for all hours worked, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

51. Defendant(s), pursuant to its policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in week.

52. By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in a week at the overtime wage rate, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

53. Defendant(s), pursuant to its policies and practices, refused and failed to pay the spread of hour wage to Plaintiff.

54. By failing to compensate Plaintiff the spread of hour wage, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

55. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

56. Therefore, Defendant(s) knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation for all hours worked, all hours worked over forty (40) hours in a week in a workweek at the overtime wage rate, and the spread of hour wage.

57. Due to the Defendant(s)' NYLL violations, Plaintiff is entitled to recover from Defendant(s) unpaid wages at the minimum wage rate, unpaid wages at the overtime wage rate,

spread of hour pay, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

58. Plaintiff also seek liquidated damages pursuant to NYLL § 663(1).

### COUNT 3
### [Failure to provide a Wage Notice]

59. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

61. Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of their employment.

62. Through its knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

63. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

### COUNT 4
### [Failure to provide Wage Statements]

64. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "63" of this Complaint as if fully set forth herein.

65. Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

66. Through knowingly or intentionally failing to provide the Plaintiff with an accurate wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

67. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a) An award of unpaid wages at the minimum wage rate and overtime wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the minimum wage rate and overtime wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the minimum wage rate, overtime wage rate, and spread of hour pay under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages minimum wage rate, failure to pay wages at the overtime wage rate, failure to pay the spread of hour pay, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e) An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       June 9, 2020

Respectfully submitted

By: _____
    Lawrence Spasojevich (LS 1029)

By: _____
    Imran Ansari (IA 1978)